NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GILDA BELLO, | CIVIL ACTION NO. 17-13700 (JLL) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| BAYVIEW LOAN SERVICING, LLC, *et al.*, | |
| Defendants. | |

**LINARES**, Chief District Judge

The sole remaining defendant, Bayview Loan Servicing, LLC (hereinafter, "Bayview"), moves pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(6) to dismiss the claims that have been asserted against it in this action by the plaintiff, Gilda Bello. (ECF No. 10 through ECF No. 10-5.) Bello has not filed opposition to Bayview's motion, even though the Court granted her two extensions in which to file such opposition. (ECF Nos. 14, 16.)

The Court resolves Bayview's motion to dismiss upon a review of the papers and without oral argument. *See* L. Civ. R. 78.1(b). For the following reasons, the Court grants Bayview's motion to dismiss.

### I. BACKGROUND

Bello alleges that Bayview, which is the servicer of her home loan, failed to abide

by the provisions of the Real Estate Settlement Procedures Act (hereinafter, "RESPA") when it: (1) denied her application for a loan modification (hereinafter, "Application"); and (2) then continued to move forward with the foreclosure proceedings that had been previously instituted in state court after that denial. (ECF No. 1.) In particular, Bello alleges that Bayview failed to consider her argument that Bayview had underestimated her income in the Application process. (*Id.*) As a result, Bello alleges that she is entitled to damages pursuant to the RESPA provisions found under 12 U.S.C. § 2605(f) and 12 C.F.R. part 1024. (ECF No. 1.) Bello also alleges that she is entitled to damages under a theory of negligence and under the New Jersey Consumer Fraud Act (hereinafter, "the NJCFA") based upon the purported underlying RESPA violations. (*Id.*)

Bello initially submitted her Application to Bayview on April 4, 2017, and submitted further documentation in support of the Application on May 17, 2017. (*Id.* at 5; *see also* ECF Nos. 1-1, 1-2.) On May 24, 2017, Bayview denied the Application because it deemed Bello to have insufficient income. (ECF No. 1-3 at 4–7.)

On June 1, 2017, Bello sent correspondence (hereinafter, "the June 2017 Correspondence") to Bayview to challenge the denial of her Application. (*Id.* at 9–15.) On June 13, 2017, Bayview advised Bello that it had received the June 2017 Correspondence on June 8, 2017, and that it would resolve her concerns shortly. (ECF No. 1-3 at 17.) On July 21, 2017, Bayview notified Bello that it had decided to affirm its previous denial of the Application. (ECF No. 1-3 at 19–20.)

As of the date when Bello filed the complaint in this action, *i.e.*, December 27, 2017, a foreclosure sale had yet to occur. (ECF No. 1 at 9 (Bello alleging that there is an "imminent foreclosure sale").)

## II. DISCUSSION

### A. Standards

The Court is guided by the following standards in resolving Bayview's motion to dismiss.

#### 1. Rule 12(b)(6)

It is not necessary for the Court to restate the standard for resolving a motion to dismiss a complaint that is made pursuant to Rule 12(b)(6), because that standard has already been enunciated. *See Palakovic v. Wetzel*, 854 F.3d 209, 219–20 (3d Cir. 2017) (setting forth the standard, and explaining *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth the standard, and explaining *Iqbal* and *Twombly*).

#### 2. Unopposed Motions To Dismiss

The deadline for Bello to oppose Bayview's motion to dismiss has elapsed, and Bello has failed to file any opposition thereto. Nevertheless, the Court is required to address Bayview's motion to dismiss on the merits even if it is unopposed by Bello. *See Jones v. Unemployment Comp. Bd. of Review*, 381 F. App'x 187, 189 (3d Cir. 2010) (holding that "a Rule 12(b)(6) motion should not be granted without an analysis of the merits of the underlying complaint"); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d

3

Cir. 1991) (holding the same).

**B.     Bayview's Motion To Dismiss**

   **1.     RESPA Claim**

Bayview argues that contrary to Bello's allegations in the complaint, it did not violate RESPA simply by denying Bello's Application. (ECF No. 10-2.) Bayview's unopposed argument is correct. Under the provisions of RESPA, Bayview was not required to grant Bello's Application merely because she filed one. *See* 12 C.F.R. § 1024.41(a) (providing "[n]othing in [RESPA] imposes a duty on a servicer to provide any borrower with any specific loss mitigation option"); *see also Loconsole v. Wells Fargo Mortg.*, No. 17-8362, 2018 WL 3158816, at *8 (D.N.J. June 28, 2018) (dismissing a borrower's claim that a loan servicer violated RESPA by miscalculating his income in its denial of his loan modification application and of his subsequent appeal, because RESPA "do[es] not require a servicer to offer a loan modification option or to 'consider' any of the borrower's representations as determinative").

Bayview also argues that it did not violate RESPA concerning the previously-instituted foreclosure proceedings, because RESPA merely barred it from actually seeking to conduct a foreclosure *sale* while the Application and the resolution of the June 2017 Correspondence were pending. (ECF No. 10-2.) This second unopposed argument by Bayview also is correct. The RESPA regulations only prevent a loan servicer from conducting a foreclosure sale while a borrower's loan modification application is pending, and do not require the servicer to completely withdraw any pending foreclosure

proceedings. *See* 12 C.F.R. § 1024.41(g), (h); *see also Loconsole*, 2018 WL 3158816, at *6 (holding that RESPA does not bar a loan servicer from seeking a judgment of foreclosure, but that RESPA's protections certainly apply "before a foreclosure sale has taken place"). As Bello herself confirmed in the complaint, the foreclosure sale has yet to occur. (ECF No. 1 at 9.) Thus, Bayview did not violate RESPA, and Bello's RESPA claim is dismissed for the aforementioned reasons.

### 2. Negligence Claim

Bello's negligence claim is asserted pursuant to state law and is completely dependent upon the viability of her RESPA claim. (*See, e.g.*, ECF No. 1 at 11 (alleging Bayview "negligently and repeatedly breached all of its duties under RESPA").) As this Court is dismissing the RESPA claim, the state negligence claim also must necessarily fail. *See Taggart v. Norwest Mortg. Inc.*, 539 F. Appx. 42, 45 (3d Cir. 2013) (affirming the district court's dismissal of "state claims [that] were largely duplicative of the [plaintiff's RESPA claim]," as the RESPA claim had been dismissed on the merits).

In any event, it appears that any claim asserted by Bello for negligence in this action is barred by the economic loss doctrine, which prohibits Bello from recovering under a tort theory for economic losses that flow from a contract. *See Perkins v. Wash. Mut., FSB*, 655 F. Supp. 2d 463, 471 (D.N.J. 2009) (dismissing a borrower's negligence claim against a loan servicer that was involved in foreclosure proceedings against the borrower based on the economic loss doctrine, because the borrower and the servicer

were parties to a contract, *i.e.*, the mortgage and the note); *Skypala v. Mortg. Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 460 (D.N.J. 2009) (holding the same). Thus, Bello's negligence claim is dismissed for the aforementioned reasons.

### 3. NJCFA Claim

Bello alleges that Bayview failed to address the June 2017 Correspondence in a timely fashion, and that this conduct violated the NJCFA. In support in her complaint, Bello characterizes the June 2017 Correspondence as a "notice of error," and alleges that Bayview "failed to review [the] application within [the] express time provided and then relied on its own failure as the sole basis to deny the application." (ECF No. 1 at 12–13.)

Despite Bello's characterization of the June 2017 Correspondence as a notice of error, Bello was actually asking Bayview to reconsider the denial of her Application. Thus, the June 2017 Correspondence was more akin to an appeal from the denial of her Application, because the procedures for submitting a notice of error to a loan servicer cannot be used to challenge the denial of a loan modification application. *See Wiggins v. Hudson City Sav. Bank*, No. 15-1938, 2015 WL 4638452, at *8 (Bankr. D.N.J. Aug. 4, 2015) (holding the same in discussing RESPA regulations); *see also Nash v. PNC Bank, N.A.*, No. 16-2910, 2017 WL 1424317, at *6 (D. Md. Apr. 20, 2017) (adopting the aforementioned reasoning set forth in the *Wiggins* holding); *Mikulski v. Wells Fargo Bank, N.A.*, No. 17-179, 2017 WL 3701213, at *4 (E.D. Wisc. Aug. 25, 2017) (adopting the portion of the *Nash* holding that adopted the reasoning set forth in the *Wiggins* holding).

Furthermore, Bayview addressed the concerns expressed in Bello's June 2017 Correspondence within 43 days of its receipt, *i.e.*, from June 8, 2017 to July 21, 2017. This is a reasonable timeframe for Bayview to issue a decision, particularly in view of the fact that Bayview advised Bello five days after receipt of the June 2017 Correspondence, *i.e.*, on June 13, 2017, that a response concerning her appeal would be forthcoming. (ECF No. 1-3 at 17.) Thus, Bello's NJCFA claim is dismissed.

### III. CONCLUSION

For the aforementioned reasons, the Court grants Bayview Loan Servicing, LLC's motion to dismiss, and dismisses Bello's claims that are asserted against it. The Court will enter an appropriate order.

JOSE L. LINARES
Chief Judge, United States District Court

Date: September  13th, 2018